# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

KATHRYN VINNETTE THOMAS,

                    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

1:18-cv-11644-NLH

**OPINION**

---

**APPEARANCES:**

MICHAEL JOSEPH BROWN
WOLF & BROWN, LLC
228 KINGS HIGHWAY EAST
HADDONFIELD, NJ 08033

    *On behalf of Plaintiff*

STEPHEN M. BALL
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
6TH FLOOR
PHILADELPHIA, PA 19123

    *On behalf of Defendant*

**HILLMAN**, District Judge

    This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding Plaintiff's application for Disability Insurance Benefits ("DIB")[1] under Title II of the Social Security

---

[1] DIB is a program under the Social Security Act to provide

Act. 42 U.S.C. § 423, et seq. The issue before the Court is whether the Appeals Council erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since her alleged onset date of disability, December 15, 2012. For the reasons stated below, this Court will reverse that decision and remand the matter for further proceedings.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On July 30, 2014, Plaintiff, Kathryn Vinnette Thomas, filed an application for DIB, alleging that she became disabled on December 15, 2012. Plaintiff claims that she can no longer work because of her severe impairments of degenerative disc disease, degenerative joint disease, and osteoarthritis.[2]

After Plaintiff's claim was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ, which was held on June 29, 2017. On August 7, 2017, the ALJ

---

disability benefits when a claimant with a sufficient number of quarters of insured employment has suffered such a mental or physical impairment that the claimant cannot perform substantial gainful employment for at least twelve months. 42 U.S.C. § 423 et seq.

[2] Plaintiff was 58 years old at the time of the alleged disability onset date, which is defined as "advanced age" (age 55 or older). At the time of her application, Plaintiff was 60 years old. The Social Security Regulations state that advanced age significantly affects a person's ability to adjust to other work, and there are special rules for persons of advanced age and for persons in this category who are closely approaching retirement age (age 60 or older). 20 C.F.R. § 416.963(e).

issued his decision, finding Plaintiff to be disabled. On its own motion, the Appeals Council reviewed the ALJ's decision, and on May 17, 2018, reversed the ALJ, determining that Plaintiff was not disabled. The Appeals Council's decision serves as the final decision of the Commissioner, and Plaintiff brings this civil action for review of the Commissioner's decision.[3]

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for social security benefits. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S.

---

[3] 20 C.F.R. § 404.981 ("The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised. You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action.").

389, 401 (1971)(quoting <u>Consolidated Edison Co. V. NLRB</u>, 305
U.S. 197, 229 (1938)). It means "such relevant evidence as a
reasonable mind might accept as adequate to support a
conclusion." <u>Id.</u> The inquiry is not whether the reviewing
court would have made the same determination, but whether the
Commissioner's conclusion was reasonable. <u>See</u> <u>Brown v. Bowen</u>,
845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its
totality. <u>See</u> <u>Daring v. Heckler</u>, 727 F.2d 64, 70 (3d Cir.
1984). "[A] court must 'take into account whatever in the
record fairly detracts from its weight.'" <u>Schonewolf v.</u>
<u>Callahan</u>, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting <u>Willbanks</u>
<u>v. Secretary of Health & Human Servs.</u>, 847 F.2d 301, 303 (6th
Cir. 1988) (quoting <u>Universal Camera Corp. V. NLRB</u>, 340 U.S.
474, 488 (1951)).

The Commissioner "must adequately explain in the record his
reasons for rejecting or discrediting competent evidence."
<u>Ogden v. Bowen</u>, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing
<u>Brewster v. Heckler</u>, 786 F.2d 581 (3d Cir. 1986)). The Third
Circuit has held that an "ALJ must review all pertinent medical
evidence and explain his conciliations and rejections." <u>Burnett</u>
<u>v. Comm'r of Soc. Sec. Admin.</u>, 220 F.3d 112, 122 (3d Cir. 2000).
Similarly, an ALJ must also consider and weigh all of the non-

medical evidence before him.  Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards.  Sykes, 228 F.3d at

262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983);

Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

**B.    Standard for DIB**

The Social Security Act defines "disability" for purposes

of an entitlement to a period of disability and disability

insurance benefits as the inability to engage in any substantial

gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in

death, or which has lasted or can be expected to last for a

continuous period of not less than 12 months.  See 42 U.S.C. §

1382c(a)(3)(A).  Under this definition, a Plaintiff qualifies as

disabled only if her physical or mental impairments are of such

severity that she is not only unable to perform her past

relevant work, but cannot, given her age, education, and work

experience, engage in any other type of substantial gainful work

which exists in the national economy, regardless of whether such

work exists in the immediate area in which she lives, or whether

a specific job vacancy exists for her, or whether she would be

hired if she applied for work.  42 U.S.C. § 1382c(a)(3)(B)

(emphasis added).

The Commissioner has promulgated regulations[4] for

---

[4] The regulations were amended for various provisions effective
March 27, 2017.  See 82 F.R. 5844.  Neither party asserts that
any of these amendments impact Plaintiff's appeal.

determining disability that require application of a five-step

sequential analysis.  <u>See</u> 20 C.F.R. § 404.1520.  This five-step

process is summarized as follows:

1. If the claimant currently is engaged in substantial
   gainful employment, she will be found "not disabled."

2. If the claimant does not suffer from a "severe
   impairment," she will be found "not disabled."

3. If the severe impairment meets or equals a listed
   impairment in 20 C.F.R. Part 404, Subpart P, Appendix
   1 <u>and</u> has lasted or is expected to last for a
   continuous period of at least twelve months, the
   claimant will be found "disabled."

4. If the claimant can still perform work she has done in
   the past ("past relevant work") despite the severe
   impairment, she will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's
   ability to perform work ("residual functional
   capacity"), age, education, and past work experience
   to determine whether or not she is capable of
   performing other work which exists in the national
   economy.  If she is incapable, she will be found
   "disabled."  If she is capable, she will be found "not
   disabled."

20 C.F.R. § 404.1520(b)-(f).  Entitlement to benefits is

therefore dependent upon a finding that the claimant is

incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof.

<u>See</u> <u>Wallace v. Secretary of Health & Human Servs.</u>, 722 F.2d

1150, 1153 (3d Cir. 1983).  In the first four steps of the

analysis, the burden is on the claimant to prove every element

of her claim by a preponderance of the evidence.  <u>See</u> <u>id.</u>  In

the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

### C.  Analysis

The decision of the Appeals Council serves as the final decision of the Commissioner, see *supra* note 3, and accordingly, the standard for this Court's review of an Appeals Council's decision is the same as the review of the ALJ's decision – that is, a determination as to whether the Appeals Council's decision is supported by substantial evidence.  Because the Appeals Council adopted the majority of the ALJ's findings, the Court will set forth the ALJ's findings and then relate the Appeals Council's decision.

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability.  At step two, the ALJ found that Plaintiff had the serve impairments of degenerative disc disease, degenerative joint disease, and osteoarthritis.  At step three, the ALJ determined that Plaintiff's severe impairments or her severe

impairments in combination with her other impairments did not equal the severity of one of the listed impairments.

The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with certain restrictions.[5]  After considering a vocational expert's testimony, the ALJ concluded that Plaintiff's RFC did not enable her to perform her past relevant work, and that no other jobs existed in the national economy that she was capable of performing (steps four and five).

On its own motion, the Appeals Council reviewed the ALJ's decision and found two errors.  (R. at 4-7.)   First, the Appeals Council determined that while the ALJ found Plaintiff unable to perform her past relevant work, the ALJ did not identify Plaintiff's past relevant work.  Second, the Appeals Council found that ALJ compounded this error by concluding without explanation that Plaintiff's unspecified past relevant work exceeded Plaintiff's RFC, rendering her, at step five, incapable of performing any work with her RFC and, thus, disabled.

To support its conclusion, the Appeals Council noted that

_____

[5] 20 C.F.R. § 404.1567 ("Physical exertion requirements. To determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy.").

at the hearing before the ALJ, a Vocational Expert ("VE")
identified Plaintiff's past relevant work as a "community
organizer" and a customer service representative.[6]  The Appeals
Council further noted that the ALJ did not question the VE about
the customer service representative job, but regardless of that
omission, "the Dictionary of Occupational Titles' description of
community organizer indicates that the occupation does not
require any of the postural, manipulative, or environmental
activities that the residual functional capacity precludes," and
"[a]ccordingly, the record does not support that the claimant is
unable to perform her past relevant work as a community
organizer."  (R. at 5.)

     The Appeals Council also addressed Plaintiff's
representative's argument that Plaintiff performed the
occupation at a light level, rather than at the sedentary level
found by the ALJ.  The Appeals Council rejected this argument:

> [T]he vocational expert testified that the job is sedentary
> as it is generally performed in the national economy. As
> already discussed above, at step 4 of the sequential
> evaluation process the evaluation is whether the claimant
> can perform her past relevant work either as she actually
> performed it or as it is generally performed in the
> national economy, we will find that the claimant is "not
> disabled" (20 CFR 404.1560(b)(2)-(3)).  In the instant
> case, the claimant could perform the past relevant work of
> community organizer as it is generally performed in the

---

[6] Discussed below, the VE also identified three other jobs
Plaintiff held in the past – clerk typist, property manager, and
appraiser.

10

national economy.

(R. at 6.)

The Appeals Council ultimately adopted the ALJ's findings at steps one through three, as well as his RFC determination, but then found at step four that Plaintiff was capable of performing her past relevant work, with no need, therefore, to proceed to step five. (R. at 6-7.)

Plaintiff argues that Appeals Council improperly found that she was capable of performing the "community organizer" job because the DOT description of the job is not actually the job she performed, and instead is a composite job. Plaintiff further argues that the Appeals Council erred by adopting the ALJ's RFC determination that she was capable of sedentary work because the RFC did not fully consider all of Plaintiff's impairments and her subjective complaints.

The Court finds that the Appeals Council's decision that Plaintiff is capable of performing her past relevant work is not supported by substantial evidence. Both the ALJ's decision and the Appeals Council's decision are rather brief and conclusory, but the transcript of the hearing before the ALJ clearly establishes why remand of this case is necessary.

At the hearing, the ALJ discussed with Plaintiff her past relevant work. During her time in the Army in the 1980s,

Plaintiff served as a clerk typist, which the VE classified as semi-skilled at a sedentary level. Plaintiff also served as a property manager, which is a skilled position at the light level; an appraiser, which is a skilled position at the light level; and an order clerk, which is a semi-skilled position at the light level.

For the community organizer job, the VE matched it with the DOT-defined "community organization worker" position (DOT #195.167-010) because Plaintiff indicated that she served as a community organizer. At the hearing, Plaintiff described how she performed her community organizer job: "Basically I would go door to door and knock on all the doors that I could get into in Parkside [Camden, New Jersey]. I laid it out on a map so I could control how many I was going to do in a day . . . and speak to each resident, try to get them involved in the community, come to a community meeting and also help them with any problems they were having and direct them to the right agencies to . . . solve that problem." (R. at 38.) This entailed a lot of walking and step climbing. (Id.)

The VE testified that the DOT classified the community organizer position as a skilled occupation at a sedentary exertional level, but that Plaintiff performed it at the light exertional level. (R. at 55.) The VE also testified that none

of the skills Plaintiff acquired in her skilled or semi-skilled positions could transfer to a sedentary occupation without significant adjustment.[7] (R. at 56.)

The Court presumes, because he did not specifically say, that the ALJ consequently found Plaintiff unable to perform any work in the national economy because all of Plaintiff's past work was (1) classified or performed at the light exertional level, and Plaintiff only had the RFC for sedentary work, and (2) was skilled work not transferable to a sedentary occupation because of the significant adjustment it would take to transfer those skills.

In its review of the ALJ's decision, the Appeals Council focused on the community organizer position. The Appeals Council noted that a claimant may be deemed capable of

---

[7] SSR 82-41 explains, "To find that an individual who is age 55 or over and is limited to sedentary work exertion has skills transferable to sedentary occupations, there must be very little, if any vocational adjustment required in terms of tools, work processes, work settings or the industry. The same is true for individuals who are age 60 and older and are limited to light work exertion. Individuals with these adverse vocational profiles cannot be expected to make a vocational adjustment to substantial changes in work simply because skilled or semiskilled jobs can be identified which have some degree of skill similarity with their PRW. In order to establish transferability of skills for such individuals, the semiskilled or skilled job duties of their past work must be so closely related to other jobs which they can perform that they could be expected to perform these other identified jobs at a high degree of proficiency with a minimal amount of job orientation."

performing past relevant work if that claimant's RFC matches the DOT definition's exertional level or the level of how the claimant performed the job. Because the DOT defines the community organizer job as sedentary, and Plaintiff retained the RFC to perform sedentary work, she was capable of performing her past relevant work.

The Appeals Council's conclusion is not supportable by the law or the record evidence. First, the Appeals Council cited to 20 C.F.R. § 404.1560(b)(2) to support its contention that Plaintiff was capable of performing her past work because the DOT classifies her prior job as sedentary. It also relied upon what it believed was the VE's testimony – that the job is generally performed at the sedentary level. This finding is contrary to the undisputed fact that Plaintiff performed that position at the light level. The Appeals Council stated, "[A]t step four . . . [if] the claimant can perform her past work either as she actually performed it or as it is generally performed in the national economy, we will find the claimant [] 'not disabled.'" (R. at 6.)

That regulation, however, does not provide such a narrow, bright-line rule such that the DOT classification by itself automatically renders a claimant to be capable of past work if her RFC matches the DOT exertional level. Moreover, the VE did

not testify as described by the Appeals Council.

The regulation provides:

> Determining whether you can do your past relevant work. We
> will ask you for information about work you have done in
> the past. We may also ask other people who know about your
> work. (See § 404.1565(b).) We may use the services of
> vocational experts or vocational specialists, or other
> resources, such as the "Dictionary of Occupational Titles"
> and its companion volumes and supplements, published by the
> Department of Labor, to obtain evidence we need to help us
> determine whether you can do your past relevant work, given
> your residual functional capacity. A vocational expert or
> specialist may offer relevant evidence within his or her
> expertise or knowledge concerning the physical and mental
> demands of a claimant's past relevant work, either as the
> claimant actually performed it or as generally performed in
> the national economy. Such evidence may be helpful in
> supplementing or evaluating the accuracy of the claimant's
> description of his past work. In addition, a vocational
> expert or specialist may offer expert opinion testimony in
> response to a hypothetical question about whether a person
> with the physical and mental limitations imposed by the
> claimant's medical impairment(s) can meet the demands of
> the claimant's previous work, either as the claimant
> actually performed it or as generally performed in the
> national economy.

20 C.F.R. § 404.1560(b)(2); see also 20 C.F.R. § 404.1566(b)

(directing an ALJ to take notice of job information available

from various governmental and other publications, such as the

Dictionary of Occupational Titles, County Business Patterns,

Census Reports, Occupational Analyses, and Occupational Outlook

Handbook, as well as engage the services of a vocational

expert).

These regulations show that the DOT definition of a job is

just one factor of many – and not the determinative factor – to

15

consider in assessing whether a claimant is capable of performing her past relevant work. Whether a claimant can perform past relevant work as it is generally performed in the national economy does not derive solely from the DOT definition, but also from the testimony of a vocational expert who can provide further guidance on the nature of the job and how it is commonly performed.

Here, the VE testified that the community organizer is "a skilled occupation, SVP 8,[8] it's classified as sedentary exertion but performed in light exertion." (R. at 55.) In response to a question about whether the VE classified the community organizer as being light or sedentary, the VE further testified, "that was light even though the DOT classifies it as --- it was performed in light and classified in the DOT as sedentary." (R. at 56.) The Appeals Council's determination that the VE testified that the community organizer position "is sedentary as it is generally performed in the national economy" (R. at 6) is not supported by the record. Therefore, the finding that Plaintiff is capable of performing her past relevant work based solely on the DOT classification and a misrepresentation of the VE's

---

[8] The DOT lists a specific vocational preparation (SVP) time for each described occupation. Using the skill level definitions in 20 C.F.R. § 404.1568, unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT.

testimony fails to meet the Commissioner's burden at step four.

This error leads to another – more specifically whether the Appeals Council properly supported its decision that Plaintiff's RFC rendered her capable of performing the community organizer position as it is defined regardless of its sedentary classification.  The DOT defines the community organizer job as follows:

> CODE: 195.167-010 TITLE(s): COMMUNITY ORGANIZATION WORKER (social ser.) alternate titles: community
> service consultant; information and referral director; program consultant
>
> Plans, organizes, and coordinates programs with agencies and groups concerned with social problems of community: Promotes and coordinates activities of agencies, groups, and individuals to meet identified needs. Studies and assesses strength and weakness of existing resources. Interprets needs, programs, and services to agencies, groups, and individuals involved and provides leadership and assistance. Prepares reports and disseminates information. Maintains contact with representatives of other organizations to exchange and update information on resources and services available. May write proposals to obtain government or private funding for projects designed to meet needs of community. May assist in budget preparation and presentation. May assist in raising funds. Works in specialized fields such as housing, urban renewal and redevelopment, and health or in public or voluntary coordinating agency, such as community welfare or health council, or combined fund raising and welfare planning council. Works with special groups such as elderly, financially disadvantaged, juvenile delinquents, or physically or mentally handicapped. Usually required to have degree from school of social work. May direct and coordinate activities of volunteers or practicum students.
>
> GOE: 11.07.01 STRENGTH: S GED: R5 M3 L5 SVP: 8 DLU: 81
>
> The ALJ found Plaintiff's RFC to be:

> The claimant has the residual functional capacity to
> perform sedentary work as defied in 20 CFR 404.1567(a)
> except she can only stand/walk for 2 hours; occasionally
> balance and climb ramps and stairs, but never stoop, kneel,
> crouch, crawl or climb ladders, ropes or scaffolds;
> occasionally reach, handle, finger, push or pull with the
> right upper extremity; and should avoid unprotected heights
> and hazardous machinery.

(R. at 25.) The Appeals Council adopted that RFC. (R. at 6.)

The Appeals Council provided no record evidence to support its conclusion that Plaintiff's RFC enabled her to perform the community organizer position aside from its sedentary classification. When comparing the duties of a community organizer with Plaintiff's RFC, the Appeals Council's decision is silent as to how Plaintiff's restrictions are not a hinderance to her performing that job, other than to state in conclusory fashion that they are not (R. at 5).

Additionally, the decision lacks any record support to show that Plaintiff has the required General Educational Development (GED) which is required of the DOT-defined community organizer job, in contrast to how Plaintiff performed that job in the past. The GED Scale is composed of Reasoning Development, Mathematical Development, and Language Development, and the community organizer job requires:

> 05 LEVEL REASONING DEVELOPMENT
> Apply principles of logical or scientific thinking to
> define problems, collect data, establish facts, and draw
> valid conclusions. Interpret an extensive variety of
> technical instructions in mathematical or diagrammatic

form. Deal with several abstract and concrete variables.

03 MATHEMATICAL DEVELOPMENT
Compute discount, interest, profit and loss; commission, markup, and selling price; ratio and proportion; and percentage. Calculate surfaces, volumes, weights, and measures.

Algebra: Calculate variables and formulas; monomials and polynomials; ratio and proportion variables; and square roots and radicals.

Geometry:
Calculate plane and solid figures; circumference, area, and volume. Understand kinds of angles and properties of pairs of angles.

05 LANGUAGE DEVELOPMENT
Reading: Read literature, book and play reviews, scientific and technical journals, abstracts, financial reports, and legal documents.

Writing: Write novels, plays, editorials, journals, speeches, manuals, critiques, poetry, and songs.

Speaking: Conversant in the theory, principles, and methods of effective and persuasive speaking, voice and diction, phonetics, and discussion and debate.

Plaintiff testified that she has a high school education with two years of additional unspecified education, but not an associate degree. (R. at 33.) Plaintiff testified that she passes her time watching TV, reading the Bible, and doing jigsaw puzzles, but she has short-term memory problems due to her medication. (R. at 51-53.) Plaintiff stated that she rarely drives because of the effects of her medication and limitation in mobility, and she does not sleep well because of her constant pain. (R. at 53-54.) Plaintiff also has a history of

19

depression and non-exertional limitations. (R. at 34.) Nowhere in the Appeals Council's decision are these factors addressed in consideration of whether Plaintiff was capable of performing this job with these GED requirements, particularly when Plaintiff's description of her job duties does not correspond with most of the DOT's description.

SSA regulations require the Commissioner to compare a claimant's RFC with the physical and mental demands of the claimant's past relevant work, and if the claimant "can still do this kind of work," the claimant will not be found disabled. 20 C.F.R. § 404.1520(f). The SSA has directed that "this kind of work" is determined by three considerations:

> 1. Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packaging job," etc. Finding that a claimant has the capacity to do past relevant work on the basis of a generic occupational classification of the work is likely to be fallacious and unsupportable. While "delivery jobs," or "packaging jobs," etc., may have a common characteristic, they often involve quite different functional demands and duties requiring varying abilities and job knowledge.

> 2. Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it. Under this test, where the evidence shows that a claimant retains the RFC to perform the functional demands and job duties of a particular past relevant job as he or she actually performed it, the claimant should be found to be "not disabled."

> 3. Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily

> required by employers throughout the national economy.
> (The *Dictionary of Occupational Titles* (DOT) descriptions
> can be relied upon -- for jobs that are listed in the DOT -
> - to define the job as it is *usually* performed in the
> national economy.) It is understood that some individual
> jobs may require somewhat more or less exertion than the
> DOT description.

SSA 82-61.

It is irrefutable that Plaintiff's RFC does not render her

capable of performing the community organizer job as she

performed it.  As to whether Plaintiff's RFC permits her to

perform the position as defined by the DOT and ordinarily

performed in the national economy, the Appeals Council failed to

adequately support its conclusion that Plaintiff "can still do

this kind of work."  The matter must be remanded on this basis

as well.

As for Plaintiff's challenge to the ALJ's RFC

determination, the ALJ's decision is sparse regarding the

medical evidence and Plaintiff's subjective complaints.  The

Court presumes this is because the ALJ had determined prior to

issuing his decision that Plaintiff would be deemed disabled at

step five and a more comprehensive decision was not necessary.

The Court notes that on remand the Appeals Council should

consider whether the ALJ's RFC determination is supported by

substantial evidence.[9]  See SSR 82-13 ("Under the substantial

---

[9] For example, the ALJ noted Plaintiff's reactive depression and

21

evidence rule, the Appeals Council evaluates the hearing decision by looking to the record as a whole in order to determine if sufficient evidence exists to support the administrative law judge's action, and stated findings and conclusions. This requires that the decision be based on sufficient quantity and quality of evidence so that a reasonable mind might come to the same conclusion.").

**III. Conclusion**

In sum, the Court finds that the Appeals Council erred in two dispositive ways: (1) the Appeals Council relied upon a statement that the VE did not make (i.e., that the VE testified the community organizer position "is sedentary as it is generally performed in the national economy," when in fact the VE testified "it was performed in light"); and (2) the Appeals Council failed to properly support its decision that Plaintiff's

---

determined that it was not severe. (R. at 25.) The ALJ, however, failed to consider that non-severe impairment in combination with Plaintiff's severe impairments as required by the regulations. See SSR 96-8p (requiring an ALJ to "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe'" because "[w]hile a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a 'not severe' impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.").

RFC rendered her capable of performing the community organizer position as defined by the DOT regardless of its sedentary classification.

Consequently, the Appeals Council's determination that Plaintiff was capable of performing her past relevant work as a community organizer is not supported by substantial evidence. The decision of the Appeals Council will be reversed and the matter remanded for further consideration consistent with this Opinion.[10]

An accompanying Order will be issued.


Date:  August 6, 2019              s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[10] Plaintiff requests that this Court award benefits rather than remand for further proceedings.  Although a district court may grant such relief, a district court must be certain that a plaintiff is entitled to benefits.  See Gilliland v. Heckler, 786 F.2d 178, 184–85 (3d Cir. 1986) (citations omitted) (decision to direct the award of benefits should be made only when administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates Claimant is disabled and entitled to benefits); see also INS v. Ventura, 537 U.S. 12, 16 (2002) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.").  The records as a whole is inadequate to determine Plaintiff's RFC, or decide whether she has the ability to perform her past work or other jobs in the national economy.  Remand is the proper course in this case.